1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   ENLOE MEDICAL CENTER,                No. 2:07-CV-0094-MCE-DAD

12          Plaintiff,

13      v.                                 <u>MEMORANDUM AND ORDER</u>

14   CALIFORNIA NURSES ASSOCIATION,

15          Defendant.

16
                          ----oo0oo----
17

18

19

20      Through the present action, Plaintiff Enloe Medical Center

21   ("Enloe") seeks a declaration that it is not obligated to

22   arbitrate, under the parties' Collective Bargaining Agreement

23   ("CBA"), a grievance filed by Defendant California Nurses

24   Association ("CNA").[1]  The grievance relates to Enloe's

25   termination of nurse Lee Rose ("Nurse Rose").

26   _____

27        [1] Because oral argument will not be of material assistance,
     the Court orders this matter submitted on the briefs.  E.D. Cal.
28   Local Rule 78-230(h).

                                1

Presently before this Court is CNA's Motion to Dismiss for lack of subject-matter jurisdiction or, alternatively, Motion to Compel Arbitration.[2]  For the reasons set forth below, the Motion to Dismiss is DENIED and the Motion to Compel Arbitration is GRANTED.

**BACKGROUND**

Nurse Rose was hired as an employee of Enloe in 1993. According to Enloe's complaint, in 2003 and 2004 patients and co-workers lodged several complaints against Nurse Rose for inappropriate behavior.  On or around March 2, 2004, Enloe terminated Nurse Rose's employment. On March 3, 2004, CNA filed a grievance with Enloe's human resources department, claiming that Enloe violated a provision of the CBA by terminating Nurse Rose without reasonable cause.  Enloe denied the grievance and the parties moved to arbitration, selecting Arbitrator Angelo as the arbitrator in early 2005.

Concurrently with the arbitration proceedings, Nurse Rose pursued a discrimination complaint with the Equal Employment Opportunity Commission ("EEOC").  Enloe learned of Nurse Rose's EEOC complaint on August 31, 2004.  On September 7, 2005, the EEOC issued a Determination finding that Nurse Rose had reasonable cause to believe she was subjected to harassment and disparate treatment based on her race and national origin.

---

[2] While CNA's Notice of Motion purports to move for dismissal under Rule 12(c), the Points and Authorities filed in support of the Motion do not otherwise address the 12(c) claim, and consequently the Court declines to consider it.

Nurse Rose subsequently filed an employment discrimination lawsuit against Enloe in Butte County Superior Court on August 29, 2006.

On May 31, 2006, Enloe informed CNA that it believed the claims were no longer arbitrable under the CBA because they were based on discrimination.  On July 18, 2006, Enloe informed Arbitrator Angelo that it was cancelling the arbitration.  On September 12, 2006, Arbitrator Angelo stated that he would proceed with the arbitration because CNA had assured him that the grievance did not raise any prohibited issues.  On September 18, 2006, Enloe wrote a letter to Arbitrator Angelo objecting to the substantive arbitrability of the proceedings and stated the issue should be determined by a court.  Enloe and CNA's disagreement on this subject continued through letters to Arbitrator Angelo, culminating in a letter by Arbitrator Angelo on November 2, 2006, stating that the grievance was substantively arbitrable.

Enloe filed its Complaint for Declaratory Relief on January 12, 2007, seeking a judicial determination that Nurse Rose's grievance was not subject to arbitration.  CNA answered on February 6, 2007.  On February 16, 2007, CNA filed the present motion.

///

///

///

///

///

///

///

1

**STANDARD**

2

3      In moving to dismiss for lack of subject-matter jurisdiction

4  pursuant to Rule 12(b)(1), the challenging party may either make

5  a "facial attack" on the allegations of jurisdiction contained in

6  the complaint or can instead take issue with subject-matter

7  jurisdiction on a factual basis ("factual attack"). *Thornhill*

8  *Publ'g Co. v. General Tel. & Elect. Corp.*, 594 F.2d 730, 733 (9th

9  Cir. 1979); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d

10  884, 891 (3d Cir. 1977). If the motion constitutes a factual

11  attack, "no presumptive truthfulness attaches to plaintiff's

12  allegations, and the existence of disputed material facts will

13  not preclude the trial court from evaluating for itself the

14  merits of jurisdictional claims." *Thornhill*, *supra*, 594 F.2d at

15  733 (quoting *Mortensen*, *supra*, 549 F.2d at 891).  When resolving

16  a factual attack, the court "may review evidence beyond the

17  complaint without converting the motion to dismiss into a motion

18  for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d

19  1035, 1039 (9th Cir. 2004).

20

21

**ANALYSIS**

22

23      **1.    Jurisdiction**

24      In its Rule 12(b)(1) Motion to Dismiss, CNA argues that this

25  Court lacks jurisdiction to determine whether Nurse Rose's claim

26  is substantively arbitrable because the parties submitted the

27  issue of arbitration directly to the arbitrator.

28  The question of whether or not an issue is arbitrable "is

4

undeniably an issue for judicial determination." *AT&T Tech., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986). The parties may nonetheless agree to submit that question directly to the arbitrator. *George Day Constr. Co. Inc. v. United Bhd. of Carpenters and Joiners of Am., Local 354*, 722 F.2d 1471, 1474-1475 (9th Cir. 1984). An agreement giving the arbitrator authority to make that determination can be implied from the conduct of the parties. *Id.* at 1475. Similarly, a party may waive the right to a judicial determination of substantive arbitrability. *Id.* (discussing *Int'l Bhd. of Teamsters, Local 117 v. Washington Employers, Inc.*, 557 F.2d. 1345 (9th Cir. 1977)). However, "unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." *AT&T Tech. Inc.*, *supra*, 475 U.S. at 649.

CNA argues that Enloe submitted the question of arbitration to Arbitrator Angelo because it voluntarily participated in arbitration proceedings in which Arbitrator Angelo decided that the grievance was substantively arbitrable. Once a party has voluntarily submitted a claim to arbitration, he cannot challenge the authority of the arbitrator to act simply because he received an unfavorable ruling. *Ficek v. S. Pac. Co.*, 338 F.2d 655, 657 (9th Cir. 1964). Moreover, once a party voluntarily participates in arbitration hearings, the legitimacy of the proceedings cannot be challenged shortly before the decision is announced. *Fortune, Alsweet and Eldridge, Inc. v. Daniel*, 724 F.2d 1355, 1357 (9th Cir. 1983).

In this case, hearings on the merits of the dispute have not

1   yet occurred.  After originally agreeing to arbitration, Enloe

2   changed its position because of its belief that CNA intended to

3   arbitrate a discrimination claim.  Enloe first made this clear in

4   an e-mail to CNA on May 31, 2006 and then subsequently on

5   July 18, when Enloe wrote to Arbitrator Angelo and cancelled the

6   arbitration.  Enloe further stated in its letter of September 18,

7   2006 that the arbitration dispute was over substantive issue of

8   whether the matter should be decided by arbitration and should be

9   decided by a court.  Consequently, Enloe never "clearly and

10  unmistakably" submitted the issue of arbitration directly to

11  Arbitrator Angelo.  Therefore, this Court has jurisdiction to

12  determine whether arbitration is appropriate in this case.

13      CNA further argues that this Court lacks jurisdiction under

14  section 301 of the Labor Management Relations Act because

15  Arbitrator Angelo has not issued a final award.  Under

16  section 301, once an arbitrator has asserted jurisdiction over a

17  claim, a district court cannot review the arbitrator's rulings

18  until a final award has been made. *Orion Pictures Corp. v.*

19  *Writers Guild of Am., West, Inc.*, 946 F.2d 722, 724 (9th Cir.

20  1991).  However, a district court may resolve disputes about an

21  arbitrator's jurisdiction, even after the arbitrator has asserted

22  jurisdiction, pursuant to the Declaratory Judgment Act.  *Id.* at

23  725.[3]  Since Enloe's complaint seeks relief under the Declaratory

24  Judgment Act, the arbitrator's assertion of jurisdiction is

25  reviewable by this Court.

26      CNA also contends that Enloe's request for declaratory

27

28      [3] Unless, as mentioned above, the parties submit the
arbitrability question directly to the arbitrator.

relief is really an "Employer's Grievance" under the CBA and subject to arbitration.  However, Enloe has made no claim that CNA has breached any terms of the CBA.  Enloe is merely seeking a declaration that it does not have to arbitrate Nurse Rose's grievance.  Therefore, this is not an Employer's Grievance and is not subject to arbitration.

In light of the fact that Enloe did not submit the substantive arbitration claim to Arbitrator Angelo and Enloe is seeking declaratory relief under the Declaratory Judgment Act, CNA's Motion to Dismiss under Rule 12(b)(1) is denied. Accordingly, the Court may address the merits of CNA's Motion to Compel Arbitration.

### 2.   Motion to Compel

When a contract contains an arbitration clause, there is a presumption of that the matter will be submitted to arbitration. *AT&T Tech. Inc.*, *supra*, 475 U.S. at 650.  Arbitration should be compelled unless it is clear that the dispute is not covered by the arbitration agreement. *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-583 (1960).  Any doubts should be resolved in favor of arbitration. *Id.*  In making this decision, the court looks only at whether the parties agreed to arbitrate the claim, not to the merits of the of the claim itself. *AT&T Tech. Inc.*, *supra,* 475 U.S. at 649-650.

In addition to the grievance filed by CNA, Nurse Rose has filed a complaint in state court that her termination was due to racial discrimination.  Both parties acknowledge that they are subject to the terms of the CBA which calls for arbitration of

7

grievances.  A grievance, as defined in Article 16(A)(1) of the CBA, includes disputes "concerning whether or not discipline, including discharge, is for reasonable cause."  However, Enloe argues that claims of racial discrimination are not arbitrable under the CBA.  Article 4(B), which requires Enloe and CNA to comply with all applicable discrimination laws, states that the discrimination provision "do[es] not give rise to an independent contractual right that would serve as the basis for a contractual claim or grievance...."

Enloe's concern is that CNA is planning to use claims of racial discrimination as the basis for stating that Nurse Rose was terminated without reasonable cause.  Enloe therefore refused to carry on with the arbitration proceedings on the ground that such a claim is not substantively arbitrable.  However, CNA has made assurances to both Arbitrator Angelo and this Court that it does not intend to arbitrate a claim based on racial discrimination.  CNA contends that Enloe predicated Nurse Rose's termination on complaints and incidents that did not occur, and is seeking to arbitrate on those grounds.  Nurse Rose's discrimination claim is an additional claim that she is pursuing separately from this arbitration.  Consequently, there is no need to reach the question of whether racial discrimination claims are arbitrable, because that claim is not what is being arbitrated here.

Since the basis of the grievance is that Nurse Rose was terminated without reasonable cause, the parties must arbitrate that issue.

### 3.   Motion for Expedited Discovery

Enloe's opposition to CNA's Motion included its own Motion for Expedited Discovery.  Enloe requests that it be allowed to conduct limited discovery to determine whether CNA intends to argue or present evidence at the arbitration that Nurse Rose was subjected to race discrimination.  However, CNA has already stated that it does not intend to pursue a discrimination claim at the arbitration.  Moreover, Enloe will have the opportunity to discover much of that information in Nurse Rose's Superior Court action.  Therefore, Enloe's Motion for Expedited Discovery is DENIED.

### 4.   Attorney's Fees

Attorney's fees may be appropriate "when a party frivolously or in bad faith refuses to submit a dispute to arbitration." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371 (9th Cir. 1984).  Here, Enloe objected to the arbitration because of its belief that the dispute involved claims of discrimination.  That belief was based on the fact that Nurse Rose filed an EEOC claim alleging discrimination, in addition to the grievance filed through CNA.

While arbitration is required in this case, Enloe's claim for declaratory relief was nevertheless not frivolous or in bad faith.  Therefore, CNA's request for attorney's fees is DENIED.

///
///
///
///

**CONCLUSION**

    For the reasons set forth above, CNA's Motion to Dismiss is DENIED and it's Motion to Compel Arbitration is GRANTED.  CNA's request for Attorney's Fees is DENIED.  Enloe's Motion for Expedited Discovery is DENIED.

    IT IS SO ORDERED.

 Dated: June 21, 2007

                                    _____
                                    MORRISON C. ENGLAND, JR.
                                    UNITED STATES DISTRICT JUDGE